ZENAS M. PLATT *vs.* WILLIAM HAWKINS, ADMINISTRATOR.

A married woman, owning stock in a manufacturing corporation, which stood in her name, for the purpose of securing a loan made by *P* to her husband, signed with her husband the following instrument:—"I hereby pledge fifty shares of the stock of the B. A. Co., with certificate hereto attached, as security for the payment of a note drawn by *C*, (her husband,) in favor of *P*, dated this day, for $625; and I pledge all my possessions for the payment of said note." *P* kept the certificate in his possession but never procured a transfer of the stock on the books of the corporation. Two years after the corporation made a loan to the wife, to secure which she, with the consent of her husband, transferred to it the stock in question, the corporation having no knowledge of the transaction with *P*. The wife having died, *P* brought assumpsit against her administrator, for the money received by her upon the transfer of the stock. Held that the action could not be maintained.

The instrument executed by the husband and wife to *P* did not operate as a sale to him of a legal interest in the stock. The transaction was merely an attempt to pledge the stock, which failed because there was no delivery. Its effect as creating an equitable interest would not avail the plaintiff in the present suit.

There was also no promise, express or implied, to pay the plaintiff's demand.

If there had been an express promise, it would not have been binding on her as a married woman.

The transfer of the stock to the corporation was a wrong to *P* that would have carried with it a legal liability as against a person *sui juris*, but not against a married woman, acting with and by request of her husband.

ASSUMPSIT, upon the common counts; brought to the Court of Common Pleas of New Haven County, and tried to the court, before *Robinson, J.* Facts found and judgment rendered for the plaintiff, and motion in error by the defendant. The case is sufficiently stated in the opinion, and more fully in the report of the case of *Platt* v. *Birmingham Axle Company*, 41 Conn., 255, the facts having been the same in that case.

*W. B. Wooster* and *D. Torrance*, for the plaintiff in error.

*H. B. Munson*, for the defendant in error.

CARPENTER, J. In October, 1869, the plaintiff loaned to Charles F. Colt the sum of six hundred and twenty-five dollars, and took his note therefor. Said Colt and his wife, Lucie P. Colt, the defendant's intestate, executed and delivered to the plaintiff a writing as follows:—" I hereby pledge fifty shares of the stock of the Birmingham Axle Company, with certificate No. 11 attached hereto, as security for the payment of a certain note drawn by Charles F. Colt in favor of Zenas M. Platt, dated this day, at six months, for six hundred and twenty-five dollars. I pledge also all my possessions, real or personal, now or hereafter, for the payment of said note. Birmingham, Oct. 28, 1869.

Lucie P. Colt,<br>Chas. F. Colt."

The certificate of stock therein referred to, being in the usual form, was delivered to the plaintiff. The plaintiff never caused the stock to be transferred to himself on the books of the corporation.

On the 9th day of April, 1872, Mrs. Colt was the owner, as appeared by the books of the corporation, of eighty-five shares of said stock, including the fifty shares so pledged to the plaintiff. On that day she sold and transferred to two other parties eighteen shares of the stock, concerning which no question arises. On the same day she transferred to the Birmingham Axle Company fifty-one shares of the stock, in con-

sideration of the sum of eight hundred dollars then loaned to her, and for the further sum of about four hundred and seventy dollars, being an assessment on all said stock, and then due from Lucie P. Colt to the company.   Sixteen shares still stand in the name of Lucie P. Colt, on which the company have a lien for said debt and assessment; and no question seems to have been made concerning that stock.

The transfer to the company was made on the books of the corporation, but without the return of the certificate delivered to the plaintiff.   The officers of the company however believed that Mrs. Colt still had the certificate in her possession, and they had no knowledge of the pledge or attempted pledge to the plaintiff.

The money thus loaned by the company was used by C. F. Colt, and not by Mrs. Colt, although the transaction was regarded as a loan to her.   In *Platt* v. *The Birmingham Axle Company*, 41 Conn., 255, this court held that the claim of the Birmingham Axle Company upon the stock so pledged to the plaintiff was superior in equity to the claim of the plaintiff.

On the trial in the Court of Common Pleas the plaintiff claimed that the transaction of October 28th, 1869, was a sale of the stock to him, or of some interest therein, that the subsequent disposal of it to the corporation was wrongful as between Mrs. Colt and himself, and that he is now entitled to recover of her estate the value of his interest in the stock. The defendant resisted this claim, and insisted that upon the facts stated the plaintiff had no such title to the stock as would enable him to maintain this action.   The court sustained the plaintiff's claim and rendered judgment in his favor.

Other questions were raised on the trial, but the view we take of the one above stated renders them immaterial.

The plaintiff assumes that the transaction of October 28th, 1869, was, in legal effect, a sale of the stock, or of some interest therein, and vested in him the legal title; and that the subsequent disposal of the stock was a wrongful act as against him, and that he can waive the tort and sue the wife in assumpsit for the money received.   This assumption is not well founded.

In the first place there was no sale of the stock. There was an attempted pledge. It was not accomplished for the reason that the thing pledged was never delivered to the pledgee. There was not only no transfer of the stock on the books of the corporation, but there was no power of attorney in the hands of the plaintiff, so that before he could take possession of the stock proper, something else to be done by Mrs. Colt was essential. He simply had possession of the certificate of stock, with a written declaration that the stock which it represented was pledged as security for his debt. With this the plaintiff was apparently satisfied, resting more than two full years with the stock—the real thing—in the hands of the pledgor, apparently unaffected by the pledge, as an inducement to credit; and not only capable of being sold, but actually sold for a valuable consideration to other parties who had no knowledge of the pledge. The legal title therefore remained in Mrs. Colt, and was transferred from her to the company.

To what extent the plaintiff acquired an equitable interest as against Mrs. Colt is foreign to our present inquiry. We have no occasion to inquire whether, if the stock had remained in her hands, a court of equity would compel her to complete the title. He had no legal title, and such title as he had he lost by his neglect to give notice to the corporation, and take measures to have the record title transferred to him.

In the second place, there was no promise, express or implied, on which assumpsit can be maintained. There was no promise by Mrs. Colt to pay the plaintiff's demand in the transaction by which the stock was pledged, and none is claimed; much less was there an agreement that the pledge should be available, notwithstanding the plaintiff's want of diligence. Had there been any such promise it is not easy to see how the wife could be bound by it. Nor is any express promise claimed from the transaction of April, 1872. All that can be said of that is that Mrs. Colt wrongfully sold stock. in which she knew the plaintiff had an equitable interest as security for a debt, and for which she received money or its equivalent. That doubtless was morally wrong; and it was

a wrong that might carry with it a legal liability as against parties *sui juris;* but as against a married woman, acting jointly with her husband, or by his request, no legal liability attaches. But that is not the question before us. Her estate is not sued in tort. The action is upon a contract. We are to look at the transaction to see if the law will imply a promise to pay by the wife.

Express promises by a married woman are only binding when made concerning her separate estate, or pursuant to some statute authorizing them. No statute then or now in force would validate the promise claimed even if it had been express. Much less will the law imply and enforce such a contract. Ordinarily where one receives money belonging to another the law will imply a promise to pay it. In this case the money when received by the decedent did not belong to the plaintiff. Whatever title he had to the stock was of so precarious a nature that it was gone the instant the stock was sold and the title vested in the corporation. The money was received subsequently. The law will not continue the vague and inchoate equitable title which he had to the stock, through the sale, and transform it into a perfect legal title to the avails of that sale.

For these reasons we are all satisfied that the judgment of the court below was erroneous.

In this opinion the other judges concurred; except FOSTER, J., who did not sit.