Filed June 19, 1889.

---

No. 13,391.

THE BURNSVILLE TURNPIKE COMPANY *v.* THE STATE, EX REL. MCCALLA.

MANDAMUS.—*Corporation.—Transfer of Stock.*—Mandamus will lie to compel the officers of a corporation to make a transfer of stock in its books where the petitioner has a clear legal right, and no other adequate remedy, but the writ will not lie where the petitioner's claim rests merely on an equitable right.

SAME.—*Turnpike Company.*—A corporation can not be compelled by mandate to do that which it would have no authority to do voluntarily; and as a turnpike company has no power to transfer upon its books one person's stock to another without the production of a written assign-

The Burnsville Turnpike Company *v.* The State, *ex rel.* McCalla.

ment, power of attorney or other proof of title, mandamus will not lie to compel it to do so.

From the Bartholomew Circuit Court.

*G. W. Cooper* and *C. B. Cooper*, for appellant.

*J. C. Orr*, for appellee.

MITCHELL, J.—This was an application by the relator, McCalla, for an alternative writ of mandate to compel the appellant turnpike company, by its officers, who are made parties, to transfer four shares of the capital stock of the company, upon its books, to the relator. The case was put at issue and trial by the court, in the first instance,—the relator having demanded a jury—and a finding and judgment in favor of the company entered. This judgment was reversed upon appeal to this court, on the ground that the case was triable as a civil action at common law, and that the court below had committed error in denying the relator's motion for a jury trial. *State, ex rel.,* v. *Burnsville Turnpike Co.,* 97 Ind. 416.

The cause having been remanded it was afterwards tried by a jury, the trial resulting in a verdict and judgment for the relator. Waiving intermediate questions, the merits of the appeal may be disposed of by considering the evidence.

It was an uncontroverted fact that the turnpike company, on the 13th day of August, 1879, issued and delivered to Mary E. Davis a stock certificate, in which it was recited that she was entitled to four shares of the capital stock of the corporation, which were transferable on the books of the company upon the surrender of the certificate. The four shares were duly entered on the books of the company, in the name of Mrs. Davis. The relator testified that he had subsequently purchased the stock absolutely from her, and had paid for it according to agreement, and that she had delivered the certificate over to him, but had refused to make an assignment of it in writing. Her claim was that the stock had been delivered to the relator in pledge, or under

some conditional arrangement under which she was entitled to reclaim it. It also appeared that the relator had offered to surrender the certificate to the company at its office, and that he demanded that the stock should be transferred to his name on the books of the company. This the company refused to do. There was much other testimony relevant to the matter in issue, some of which tended to show that Mrs. Davis had sold the stock to the turnpike company after it had been delivered over to the relator. Conceding the facts to be, in every particular, as claimed by the relator, and that the attempted sale to the corporation conferred upon it no right to the stock, as against the relator, the question arises whether or not, on the case as made, mandamus will lie to compel the transfer of the stock on the books of the company. It is regarded as an open question in many jurisdictions whether mandamus is a proper remedy, in any case, to compel the officers of a corporation to execute a transfer of corporate stock. 1 Morawetz Corp., section 215. Where, by the charter or by-laws of a corporation, it is made the duty of the officers of the corporation to enter the transfer of shares in the books of the company, we can perceive no principle upon which it can be maintained that mandamus will not lie in a proper case to compel the officers to perform their duty. Accordingly it was held in *Green Mount, etc., Turnpike Co.* v. *Bulla,* 45 Ind. 1, that where stock certificates have been duly assigned the officers of the company may be compelled, upon the surrender of the certificates, to make the proper transfer. See, also, *State, ex rel.,* v. *First Nat. Bank, etc.,* 89 Ind. 302. The remedy, although partaking of the qualities and attributes of a civil action, is nevertheless regarded as of an extraordinary character, the writ being the highest known to our laws. The rule is, therefore, thoroughly established, that it only issues where there is a clear, specific legal right to be enforced, and where there is no other available and adequate remedy. Speaking upon this subject, an elementary writer says: " The right which it is sought to

The Burnsville Turnpike Company *v.* The State, *ex rel.* McCalla.

protect must therefore be clearly established, and the writ is never granted in doubtful cases." High Ex. Leg. Rem., sections 9, 10. The remedy being strictly legal, it can not be resorted to by an equitable assignee of stock, even though the right to the transfer may be clear. 1 Morawetz Corp., section 215.

On the relator's behalf, it is argued that in the absence of a statute or by-law of a corporation requiring certificates of stock to be assigned in writing, the delivery of the certificate to the purchaser will be sufficient to vest in him the equitable title to the stock. This we concede. But we are not aware that any court has carried the doctrine to the extent of holding that mandamus will lie to compel a corporation to transfer stock to a party whose claim rests merely on an equitable right. Such a holding would impose upon the officers of a corporation the peril of deciding between the equity of one who had possession of a stock certificate and the rights of another who had the legal title. This would violate the rule that mandamus will only lie where there is a clear legal right.

Section 3637, R. S. 1881, declares, among other things, that " Any person becoming a shareholder by assignment of stock shall succeed to all the rights and liabilities of his assignor." The term " assignment," as employed in the above section, indicates " a transfer by writing, as distinguished from one by delivery." Bouvier Law Dict.

While it is true the statute makes stock in a turnpike company personal property, it is nevertheless personal property of that incorporeal character which requires a written assignment, or a transfer upon the books of the company, in order that the legal title thereto may be transferred. *Koons* v. *First National Bank, etc.,* 89 Ind. 178; *Weyer* v. *Second Nat. Bank, etc.,* 57 Ind. 198 ; *Platt* v. *Hawkins,* 43 Conn. 139. The written assignment of such property performs the same office that the delivery of possession of corporeal

property does in respect to transferring the legal title. *State, ex rel., v. First Nat. Bank, supra.*

It would be a palpable violation of legal duty on the part of the officers of a corporation to transfer the stock of one person, on the books of the company, to another, without the production of proof of authority to do so. That proof must be made either by a written assignment, power of attorney, or in some other way which indicates that the person seeking the transfer has the title. The corporation can not be compelled by mandate to do that which it would have no authority to do voluntarily.

The court below seems to have proceeded, from first to last, upon the erroneous theory that mandamus might be resorted to in order to compel the transfer of the stock without a written assignment. This was a fundamental error.

The judgment is reversed, with costs, with directions to the court below to sustain the appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

Filed March 5, 1889; petition for a rehearing overruled June 19, 1889.