FARMERS' AND TRADERS' BANK, Appellee, v. DENNIS HANEY et al., Appellants.

1. Deed: DELIVERY: EVIDENCE. A father made a conveyance of all his property to his children, jointly. The deed was placed by the grantor in the hands of the husband of one of his daughters, with directions to take it to the county seat, and submit it to a certain named attorney, and, if the propriety and legality of the transaction were approved by him, to file it for record. The attorney advised against the conveyance, and the deed was returned to the grantor, and by him, or his order, destroyed. He subsequently made several mortga-ges on the land, of which the grantees had knowledge, but to which they made no objection. *Held*, that there was no delivery of the deed, and that no title passed by virtue thereof.

2. Bank Stock: LIEN UPON FOR INDEBTEDNESS TO BANK: PRIORITY. The defendant had a certificate of stock in the plaintiff bank, which provided that it should be transferable only on the books of the bank upon the surrender of the certificate and the payment of all liabili-ties. The by-laws of the bank provided that no transfer of stock should be made without the consent of the board of directors by any stockholder who was liable as principal debtor or otherwise. *Held*, that the certificate and the by-laws constituted a contract between the bank and the defendant, and that thereunder the bank had a lien upon the defendant's stock to the extent of his indebtedness to the bank,

and that such lien was superior to that of an attaching creditor of the defendant, especially where such creditor, by his attorney and the sheriff, had notice, prior to the attachment, of the lien of the bank.

*Appeal from Van Buren District Court.*—HON. CHARLES D. LEGGETT, Judge.

FRIDAY, JANUARY 20, 1893.

ACTION upon certain promissory notes, and for the foreclosure of a mortgage on certain real estate given to secure the payment of the notes. The notes and mortgage were ·executed by the defendant Dennis Haney to secure quite a large amount of indebtedness to the bank. Haney was a stockholder in the bank, and the plaintiff claims that by virtue of the provisions contained in his stock certificate, and certain by-laws of the banking association, the plaintiff has a lien upon the stock for any indebtedness of Haney to the bank. There was a hearing on the merits in the district court, which resulted in a full decree for the plaintiff. The defendants appeal.—*Affirmed.*

· *J. F. Smith* and *Wherry & Walker*, for appellants.

*Sloan, Work & Brown*, for appellee.

ROTHROCK, J.—I. It appears from the petition that there were mechanics' liens upon some of the property. The questions as to these liens are not involved in this appeal, and no question is made involving the right of the plaintiff to join, with the suit for foreclosure, the claimed lien upon. the bank stock owned by the defendant Haney. The· appeal presents a contest between the plaintiff and the State Bank of Keokuk, appellant, a judgment creditor of Haney, as to priority of liens upon the mortgaged real estate and the bank stock. There is no question as to the fact that the defendant Haney is indebted to

1. DEED. delivery: evidence.

the plaintiff in the amount named in the notes and mortgage, and the validity of the judgment of the State Bank of Keokuk is not questioned. The decision we are required to make as to the mortgaged property involves the validity of the mortgage.

It appears that on the twenty-ninth day of March, 1888, Haney was the owner of real estate in and about the town of Bonaparte, of considerable value. He was indebted in a large amount to the Farmers' & Traders' Bank of Bonaparte, and was also indebted to the State Bank of Keokuk. On said last named day, said Haney and his wife executed an insrument in writing, which is claimed to be a deed of conveyance of all of his real estate to all of his children jointly. These children are named Elizabeth Anderson, wife of Silas Anderson, Robert L. Haney, William E. Haney, and Lulu B. Haney. After the deed was executed, it was placed in the hands of said Silas Anderson to be taken to Keosauqua, the county seat. Anderson was to submit the deed to Hon. Robert Sloan for his examination and advice as to the propriety and legality of the conveyance, and, if approved by him, Anderson was to file it in the recorder's office for record. Sloan advised against the conveyance, and Anderson carried the written instrument back to Bonaparte, and it was destroyed by the direction of Dennis Haney, and the mortgage in controversy was executed and delivered.

It is claimed in behalf of the appellants that the conveyance from Haney to his children was fully executed and delivered, and passed the title to the land to the grantees, subject to the right of the creditors of Haney to impeach it for fraud in an action brought for that purpose; and voluminous and able arguments are presented upon both sides of the question whether, after a fraudulent conveyance by a debtor, one of his creditors can acquire priority of other creditors by taking a mortgage upon the property from the debtor,

In the view we take of the case, it is not necessary to determine that question. In our opinion, the deed from Haney to his children did not become valid, for any purpose, because it is shown, by a clear preponderance of the evidence, that the deed was not delivered. It is true it was intrusted to Anderson to be taken to Sloan, and if approved it was to be filed for record. There is no question that Anderson carried it to Sloan as the agent of Haney, and Anderson returned the deed, and it was destroyed by the direction of Haney, the grantor. There is a question made whether Anderson returned the deed to Haney. It may be true that he did not place it in his hands, but it was placed on a mantel in Haney's house, and he directed it to be destroyed. The delivery of a deed may be shown by any act of the grantor which denotes an intention to pass the instrument over to the grantee, and it may be a good delivery without passing into the hands of the grantee. The delivery may be to a stranger for the the use of the grantee. *Mitchell v. Ryan,* 3 Ohio St. 377; *Hatch v. Hatch,* 9 Mass. 307, 309. A delivery of the deed to the wife of the grantee, with the declaration that it was intended for the benefit of the grantee, is a good delivery. *Craven v. Winter,* 38 Iowa, 471. Actual manual delivery of the deed is not absolutely essential to effect a change of title. *Newton v. Bealer,* 41 Iowa, 334; *Parker v. Parker,* 56 Iowa, 111; *Adams v. Ryan,* 61 Iowa, 733. The real question to be determined, in all such cases, is, did the grantor intend an unconditional transfer of the title by his disposition of the deed after it was executed and ready for delivery? In *Steel v. Miller,* 40 Iowa, 402, it is said: "The question of delivery is always one of intention of the parties. If the deed passes into the hands of the grantee without intention on the part of the grantor that it shall become operative, and be used for the purposes intended, it is not a delivery." Applying that test, it

appears to us that the evidence in this case shows, by a very great preponderance, that there was no delivery of the deed. The fact that, after advising with Sloan about the propriety of the conveyance, he returned it, and it was destroyed by the direction of the grantor, and the mortgage made, is strong evidence of the fact that the grantor did not intend that it should be operative unless it was approved by Sloan. And this is supplemented by the fact that the mortgage was made to the plaintiff, and some two or three other mortgages were afterwards made to other parties upon the same property. The making of all these mortgages was known to the grantees in the deed which was destroyed, or to most of them, and they made no claim that they were the owners of the land. The arguments of counsel upon the facts attending the execution of the instrument are quite voluminous. We content ourselves with stating our conclusion, based upon a most careful examination of all the competent evidence introduced on that question.

II. There is no dispute as to the validity of the debt due to the plaintiff from Haney. A question is made as to the validity of the mortgage, because it is alleged that it was taken with a secret agreement that the interest on the debt should be reduced, and the time of payment extended, in consideration for the mortgage securing the debt. We must decline to enter upon a discussion of this question. There is nothing in this whole record which shows that the officers of the bank of Bonaparte did anything to aid Haney to hinder, delay or defraud his creditors. It was an honest debt, and the plaintiff had the right to use all proper efforts to secure its payment, even though the officers who procured the mortgage to be made knew that it might defeat the claims of other creditors. This principle has been so often announced by this court that we need not take the time to cite the cases.

III.   The remaining question in the case relates to the priority of the claims of the parties upon the bank -stock held by Haney. The stock certificate issued to Haney was in these words:

2. BANK stock: lien upon for indebtedness to bank: priority.

"No. 14.                                        Fifteen Shares.

"FARMERS' AND TRADERS' BANK OF BONAPARTE, IOWA.

"*This is to certify* that Dennis Haney is entitled to fifteen shares of the stock in the Farmers' and Traders' Bank, on which fifty dollars per share has been paid. Transferable only on the books of said bank, in person or by attorney, on the surrender of this certificate and payment of all liabilities.

.   "Bonaparte, Iowa, June 15th, 1882.

"B. R. VALE, President.

"THOMAS CHRISTIE, Cashier."

This certificate was issued in pursuance of by-laws duly adopted by the stockholders, which by-laws, so far as pertinent to the question under consideration, are as follows:   "The stock of this bank shall be assignable and transferable only on the books of this bank, subject to the restrictions and provisions of the banking laws, and a transfer book shall be provided, in which all assignments and transfers of stock shall be made.   No transfer of stock shall be made, without the consent of the board of directors, by any stockholder who shall be liable as principal debtor or otherwise.   Certificate of stock signed by the president and cashier shall be issued to stockholders, and the certificate shall state, upon the face thereon, that the stock is transferable only on the books of the bank, and that the stock of any stockholder liable to the bank, as principal debtor or otherwise, will not be transferred without the consent of the board of directors."

It appears to us that there should not be any question that the certificate and the by-laws constitute a

contract between the bank and the stockholder, by which the bank has an equitable lien upon the stock for any and all liabilities from Haney to the bank. If we understand the arguments of counsel for the appellant, they do not seriously dispute the proposition that the contract was valid between Haney and the bank, but it is claimed that it is void as to the creditors of Haney, because it is contrary to law, and against public policy. We have examined the arguments of counsel, and we do not think their position can be maintained.

The appellant caused an attachment to be levied on the stock some days after the mortgage was executed and delivered. It is a general rule that the lien by attachment is valid upon such legal interest as the defendant in attachment has in the property attached, and it may be that in the absence of notice that another lien exists, or that there are others who have liens or interest therein, an attaching creditor will have the right to maintain his attachment against the property. But there is a clear preponderance of evidence in this case that the attorney of the appellant and the sheriff were distinctly notified, before any levy was made, that the bank had a lien on the stock. This being the fact, it should not be held that the appellant has any more right to subject the stock to its claim than Haney would have had to sell his stock without payment of his liabilities to the bank.

It does not appear to us to be necessary to further elaborate the case. The decree of the district court is AFFIRMED.