Shauck J.
Counsel for the plaintiff cite numerous cases which are said to demonstrate that he is entitled to recover a judgment upon the facts found. Many of them are cases in which the conclusions were reached from a consideration of statutory provisions forbidding the issuing corporation to reserve a lien upon its stock to secure the debts of the holders. It seems to be sufficient to say that this is true of all the cases which relate to the attempted assertion of a lien upon their stock by national banks organized under the currency acts of 1863 and 1864, even though notice of the lien was expressed on the face of the certificate. The former act permitted such lien; the latter forbade it, but without saving the right as to banks previously organized. This is distinctly pointed out as the ground of the decision in Conklin v. The Bank of Oswego, 45 N. Y., 655. Of course the lien cannot be reserved by the corporation if it is forbidden by the statute from which it derives its existence. In numerous others of the cases *168 cited the courts have held that a corporation issuing certificates of stock which do not show upon their face that a lien has been reserved to secure the debts of the holder will not be permitted to assert such lien, even though it be provided for in a by-law if the transferree of the stock has no knowledge of the by-law. Such a case is Bank v. Bank, 97 Iowa, 204, where the court approves its previous holding in Bank v. Haney, 87 Iowa, 101, that a by-law of the corporation providing for a lien in its favor on the stock to secure the holder’s debt and the reservation of the same lien by stipulation recited in the certificate of stock constitute a contract between the corporation and the holder, and that this lien is superior to that of an attaching creditor of the holder. The cases cited by counsel for plaintiff contain much authority for the proposition that the transferee of stock will not be required to submit to the assertion of a latent equity with respect to it, and that the equity to which he must submit is a lien either created by the statute under which the corporation is formed, of whose provisions all are required to take notice, or by a contract between the corporation and the holder whose terms are brought to the notice of the transferree. But in the present case the lien asserted was reserved by the issuing corporation by the express terms of the certificate issued to the holder. His acceptance of the certificate containing the reservation of a lien upon the stock to secure the payment of his debts was an acceptance of that condition, and the lien existed by force of a contract. That a valid lien may be so created and that it may be asserted against the transferree of the certificate containing notice of the lien reserved is held in Vansands v. The Middlesex County Bank, 26 Conn., 144; Jennings v. Bank of California, 79 Cal., *169 323. and in Bank v. Haney, supra. That the principles .of the law of contracts are applicable to transactions of this character has not, within onr observation, been denied by any court since the decision of Waln’s Assignees v. Bank of North America, 8 S. & R., 73. With respect to A. Pitot, Sequestrator, etc., v. Johnson et al., 33 La. An., 1286, cited for the plaintiff, it may be said that there is no such statement of the facts as will disclose the precise point decided, that the conclusion depended upon provisions of the civil code, and that the court felt constrained to follow former decisions whose correctness it more than doubted.
Counsel for the plaintiff inquire for the statutory authority to the issuing corporation to reserve a lien of this character. But since the right to enter into contracts is general, and denied only when prohibited by statute or some consideration of public policy recognized by the courts, it would be more helpful, perhaps, to inquire for the statutory provision or the consideration of public policy by which this contract is forbidden. It is quite true that with respect to the franchises which corporations exercise, and in their dealings with the public, the statute is to be regarded as the source of their authority. But it would be difficult to maintain the proposition that in their transactions with their stockholders or in the transactions of stockholders among themselves general rules do not apply if consistent with the statute. But the defendant was formed, as its articles of incorporation show, to do the business of a building and loan company. An answer to the question of counsel may be found in section 3799, of the Revised Statutes: “The board of directors may prescribe * * * * the mode of transacting, managing and conducting the affairs and business *170 of 'the corporation.” The power exercised by the defendant to make this contract was clearly within this provision, and the statute nowhere defines a particular mode for the exercise of the power conferred. Counsel for the plaintiff say that because the defendant made its loan to Lauer, after he had pledged the stock, it was its duty to protect itself by asking for the stock. This is but another mode of denying the efficacy of the stipulation in the certificate, for if that stipulation were absent the defendant might have protected itself in the mode suggested. If we should impute to certificates o'f stock all the attributes of negotiable instruments it would' not avail the plaintiff, for the holder is always bound by the terms of the instrument which he receives. By the transfer made the plaintiff became the equitable owner of the stock. It was clearly within his power to acquire the legal title by presenting the certificate for transfer on the stock books of the defendant at a time when Lauer was not indebted to it. This right he did not choose to exercise. He voluntarily remained in the position of the holder of an equitable title and amenable to the rule that he must submit to the assertion of an adverse equity which is either superior in character, or equal in character and prior in time. He cannot be permitted-to exact from the defendant a degree of care for his interests which he did not himself choose to exercise.
Whether we consider the principles involved in the case or the adjudications with respect to them, it seems clear that the judgment of the circuit court is appropriate to the facts which it found.

Jugdment affirmed.