NOVEMBER TERM, 1912.     505

Evansville, etc., Stockyards Co. v. State, ex rel.—179 Ind. 505.

## EVANSVILLE UNION STOCKYARDS COMPANY v. STATE OF INDIANA, EX REL. EICHEL.

[No. 21,999.   Filed May 13, 1913.]

1. MANDAMUS.—*Right to Relief.*—One claiming the right to relief in mandamus must bring himself within the provisions of the statute, and show that it is the imperative duty of defendant to do the act sought.  p. 507.

2. CORPORATIONS.— *Stock.— Transfer.— By-Laws.— Validity.*— By-laws giving a corporation liens on stock of its members indebted to it, prohibiting transfers while such indebtedness exists, and prescribing conditions on which stock may be transferred, are valid.  p. 508.

3. MANDAMUS. — *Corporations. — Action to Compel Transfer of Stock.— Complaint.— Sufficiency.*— A complaint in mandamus against a corporation, to compel it to enter a transfer of stock upon its books and permit the relator to exercise the rights of a stockholder, is insufficient, where no facts are alleged showing that it is the duty of defendant under its charter and by-laws to do the things which relator seeks to have done.  p. 508.

From Vanderburgh Circuit Court; *A. C. Hawkins,* Judge *Pro Tem.*

Action for mandamus by the State of Indiana, on the relation of Jacob Eichel, against the Evansville Union Stockyards Company. From a judgment for relator, the defendant appeals. *Reversed.*

*Philip W. Frey, John D. Welman, George R. DeBruler* and *Harry L. Gordon,* for appellant.

*Isadore Kahn,* for appellee.

MORRIS, J.—Action by appellee, for writ of mandate, under §1225 Burns 1908, §1168 R. S. 1881. The complaint, omitting caption and signature, is as follows:

"The relator in the above entitled cause would respectfully show to the court herein, that said defendant is now and has been for — years last past, a corporation duly organized under the laws of the State of Ohio with a capital stock of One Hundred Thousand Dollars ($100,000.00) divided

506        SUPREME COURT OF INDIANA,

Evansville, etc., Stockyards Co. *v.* State, ex rel.—179 Ind. 505.

into one thousand (1,000) shares of One Hundred Dollars ($100.00) each; that said corporation during all of said time has been engaged in managing and operating stockyards. Among other places, one stockyard in the City of Evansville, County of Vanderburgh and State of Indiana, and that said corporation has during that time maintained an office with a manager in charge of its business in the City of Evansville, County of Vanderburgh and State of Indiana. This relator avers that on the —— day of ——————, 1910, he became the owner by a purchase of fifty (50) shares of the capital stock of said corporation; that said shares and the certificate representing the same were transferred to this relator by delivery, and that this relator is now, and was, on the —— day of ——————, 1910, the owner of the same in his own right. That on said day this relator by and through his agent offered to surrender said shares to said defendant company and then and there demanded of said defendant company, its officers and agents that it issue to him fifty shares of the capital stock of said company. That said company by its officers and agents refuses to accept the surrender of said shares and refuses to transfer the same on the books of said company, and refuses to issue said shares or any number of shares of the capital stock of said company to this relator, and refused to permit this relator to have or exercise any of the rights of the stockholder of said company and refused to permit this relator as a stockholder to take part in the proceedings of said company. That the present cash value of the aforementioned fifty (50) shares of the capital stock of the defendant corporation is Six Thousand Dollars ($6,000.00). Wherefore this relator prays the court that an alternative writ of mandate may be issued ordering and commanding said defendant to accept the surrender of said shares, to transfer the same on the books of said company, to issue said fifty shares of the capital stock of said company to this relator and to permit this relator to exercise the rights of a stockholder in said company and to par-

ticipate as such stockholder in the proceedings of said company. Or if the said defendant fail and refuse to do and perform the things and matters herein prayed for, the relator asks judgment of and from the defendant in the sum of Six Thousand Dollars ($6,000.00) and for all other proper relief.''

Appellant demurred to the complaint for insufficient facts. The demurrer was overruled, and this action of the court constitutes appellant's first assignment of error.

Appellant contends that a writ of mandate will not issue to a foreign corporation, nor to a domestic private corporation; that in no event will it issue in doubtful cases, nor where there is other adequate remedy, and, among other authorities, in support of the latter two propositions, cites *Burnsville Turnpike Co.* v. *State, ex rel.* (1889), 119 Ind. 382, 20 N. E. 421, 3 L. R. A. 265, and *Town of Windfall City* v. *State, ex rel.* (1909), 172 Ind. 302, 88 N. E. 505. In the latter case it was held that one claiming the right to

1.  the exercise of this extraordinary writ, must bring himself within the provisions of the statute and show that it is the imperative duty of defendant to do the act sought. *Waters* v. *State, ex rel.* (1909), 172 Ind. 251, 88 N. E. 67; *City of Auburn* v. *State, ex rel.* (1908), 170 Ind. 511, 83 N. E. 997, 84 N. E. 990; *State, ex rel.,* v. *John* (1908), 170 Ind. 233, 84 N. E. 1; *Templeton* v. *Board, etc.* (1909), 173 Ind. 226, 89 N. E. 880. In *Burnsville Turnpike Co.* v. *State, ex rel., supra,* it was said: ''Where, by the charter or by-laws of a corporation, it is made the duty of the officers of the corporation to enter the transfer of shares in the books of the company, we can perceive no principle upon which it can be maintained that mandamus will not lie in a proper case to compel the officers to perform their duty.'' It was held in that case that such writ would not lie to compel the transfer of the stock without a written assignment.

It is manifest that the complaint fails to allege any un-

performed duty imposed on appellant by its charter or by-laws. What rules and regulations for the transfer of stock may be found in such charter or by-laws is not disclosed. In *Nicholson* v. *Franklin Brewing Co.* (1910), 82 Ohio St. 94, 91 N. E. 991, 137 Am. St. 764, 19 Ann. Cases 699, it was held that where a statute authorizing the formation of a corporation expressly grants it the power to regulate the issuance and transfer of shares of its capital stock, courts will not compel a transfer in violation of its by-laws.

2. In most jurisdictions, by-laws giving a corporation liens on stock of members indebted to it, and prohibiting transfers while such indebtedness exists, are recognized as valid. *Bronson Electric Co.* v. *Rheubottom* (1900), 122 Mich. 608, 81 N. W. 563; *Farmers, etc., Bank* v. *Haney* (1893), 87 Iowa 101, 54 N. W. 61; ·*Tuttle* v. *Walton* (1846), 1 Ga. 43. A by-law requiring a transfer fee is valid. *Giesen* v. *London, etc., Mortg. Co.* (1900), 102 Fed. 584, 42 C. C. A. 515. Our statute, authorizing the formation of stockyards corporations, provides that the stock "when fully paid in, shall be transferable in such manner as the by-laws may prescribe." §5088 Burns 1908, Acts 1891 p. 344. It is manifest that the complaint is insufficient to authorize a writ of mandate, because it fails to aver

3. any right of relator to the relief sought, by virtue of any duty of appellant under its charter and by-laws, and the judgment should be reversed for that reason; consequently other questions presented are not considered.

Judgment reversed, with instructions to sustain appellant's demurrer to the complaint.

Spencer, J., not participating.

NOTE.—Reported in 101 N. E. 822. See, also, under (1) 26 Cyc. 162; (2) 10 Cyc. 581; (3) 26 Cyc. 433. As to mandamus to compel issue or transfer of capital stock by corporation, see 133 Am. St. 724. On the question of the validity of a statute imposing special tax on transfer of corporate stock, see 8 L. R. A. (N. S.) 314.