St. Paul and Minneapolis Trust Co. *vs.* George W. Jenks *et. al.*

Argued May 4, 1894.   Affirmed May 11, 1894.

No. 8657.

**A state bank cannot indirectly purchase its own stock.**

*Held,* in an action brought upon a promissory note by an assignee, under the statute, of an insolvent state bank, that a general demurrer to the answer was properly sustained; it clearly appearing that the transaction between the bank and defendants, as set forth in the defensive allegations in the answer, was at best nothing more than an attempt to evade the provisions of Laws 1881, ch. 77, § 3.

Appeal by defendants, George W. Jenks and Addie G. Jenks, from an order of the District Court of Hennepin County, *Robert*

*Jamison,* J., made November 11, 1893, sustaining a demurrer to their answer.

The Farmers and Merchants Bank of Minneapolis being insolvent made an assignment June 20, 1893, of all its property to the plaintiff, St. Paul and Minneapolis Trust Company, under Laws 1881, ch. 148, as amended by Laws 1889, ch. 30, in trust for its creditors. Among the assets was a note for $1,000 and interest made by the defendants and dated April 26, 1893, due sixty days thereafter. Plaintiff brought this action thereon to recover its contents. The defendants answered that they received no consideration for the note, that Robert T. Lang, cashier of the bank, acting in its behalf requested them to purchase some shares of its stock then being offered in the market in such a manner as to work an injury to the bank and proposed to furnish the money to pay for the stock and take defendants' note for the amount and hold it until the stock could be sold and the proceeds returned to the bank, that defendants to accommodate the bank and its cashier consented and gave the note and received title to the stock and left it with the bank to be sold. A purchaser was not found and the note was renewed from time to time until the bank assigned. To this answer the plaintiff demurred. The demurrer was sustained and defendants appeal.

*Robb & Slack,* for appellants.

*Harry D. Stocker,* for respondent.

COLLINS, J.  Action upon a promissory note brought by an assignee in insolvency of a bank organized and incorporated under the laws of this state. The execution and delivery of the note was admitted in the answer. It was then alleged, by way of defense, that in the month of March, 1892, the defendant George W. Jenks was requested by Robert T. Lang, who was then the duly elected and qualified and acting cashier of said bank, on behalf of said bank, to purchase certain of its stock, which said Lang informed said defendant was being offered for sale on the market in such manner as to work an injury to said bank, said request being accompanied by the further proposition on the part of Lang that said bank would furnish the necessary money therefor, and take a note from said defendants, executed as set forth and described

in the complaint herein, and hold the same till such time as said stock could be sold, and the proceeds thereof returned to the bank; it being fully understood, by and between said defendant George W. Jenks and said Lang, that the same was wholly at the request of, and for the sole benefit of, said bank; it being further understood and agreed, by and between said Lang and said Jenks, that if said stock should not be so sold, and the proceeds applied, as aforesaid, by the time said note became due, the same should be renewed from time to time till said stock should be so sold; but in no case was the note to become or be regarded an obligation or evidence of indebtedness in favor of said bank, and against said defendants.

Then followed allegations that defendant George W. did purchase the stock shares, procuring the needed money from the bank, and giving a note for $1,000, signed by both defendants, as agreed upon; that the stock shares were still held by him; that the note was renewed from time to time; and that the note in suit was one of the renewals. It was also alleged that in this entire transaction the cashier was acting in behalf of the bank, and with the full knowledge, consent, and authority of its board of directors. The appeal is from an order sustaining a general demurrer to this answer.

Upon their argument, counsel for defendants took the position that from the facts it clearly appeared that there was a want of consideration for the making and delivery of the original note and all of its renewals by defendants, and that really they were nothing but accommodation makers. We do not feel called upon to examine and consider the answer with a view to determine just what the relations were between the bank and the makers of the note. Taking the view most favorable to the latter, it is evident that they were attempting to aid the bank in evading the statute under which it·was incorporated, and doing that which is prohibited by law. A banking association is forbidden in this state to make any loan or discount on the security of the shares of its own capital stock, or to be the purchaser or holder of any of its shares of capital stock, unless such security or purchase shall be necessary to prevent loss upon a debt previously contracted in good faith. Laws 1881, ch. 77, § 3.

The bank itself could not have purchased the stock shares, nor could it enter into any agreement whereby Lang could purchase

and hold the shares for it or in its behalf. The answer discloses that the bank and the defendants were attempting to accomplish, by indirect means, that which could not be done directly. without violating the statute. As a defense, the allegations found in the answer were of no value.

Order affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 299.)

Application for reargument denied. May 25, 1894.