# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

## Bank of Millvale *v.* Ohio Valley Bank, Appellant.

*Banks and banking—Stockholders—Lien on stock—Statutes—Repeal—Acts of May 13, 1876, P. L. 161, and June 24, 1895, P. L. 258.*

1. The lien which a state bank organized under the Act of May 13, 1876, P. L. 161, has upon the shares of capital stock owned by its stockholders has been taken away by the Act of June 24, 1895, P. L. 258.

*Constitutional law—Title of statute—Banks and banking—Act of June 24, 1895, P. L. 258.*

2. The Act of June 24, 1895, P. L. 258, entitled "An Act relating to and regulating the issue and transfer of certificates of stock by companies incorporated under the laws of the commonwealth," is sufficient in its title to embrace the repeal of the lien on shares of capital stock of state banks given by the Act of May 13, 1876, P. L. 161.

Argued Oct. 16, 1911. Appeal, No. 24, Oct. T., 1911, by defendants, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1910, No. 905, for plaintiff on case stated in suit of Bank of Millvale v. Ohio Valley Bank, a Corporation, W. D. Sharp, President, and J. H. Bragdon, Cashier. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Case stated in mandamus proceedings to compel the transfer of stock.

From the case stated it appeared that W. H. Graham owned twenty-five shares of the stock of the Ohio Valley Bank, a bank incorporated under the banking laws of the state of Pennsylvania. On March 27, 1900, Graham pledged these shares as security for a loan. Subsequently he defaulted on the loan, and the certificate was sold and became the property of the Bank of Millvale. On April 2, 1900, Graham made a promissory note to the Ohio Valley Bank upon which he defaulted. The Ohio Valley Bank claimed a lien upon Graham's stock, and refused to transfer it to the Bank of Millvale. The latter bank thereupon instituted these proceedings.

FORD, J., filed an opinion which was in part as follows:

The question involved is whether or not a state bank organized under the general banking act of 1876 has a lien upon the shares of capital stock owned by a stockholder to the bank, or whether the lien to which banks are entitled pursuant to sec. 21 of the act of 1876 has been repealed and taken away by the provisions of the act of 1895.

The Act of May 13, 1876, P. L. 161, under which the plaintiff and defendant banks are incorporated, is entitled:

"An Act for the incorporation and regulation of banks of discount and deposit."

The act authorizes and directs the appointment of a president and cashier, and by sec. 21 provides that:

"No shareholder shall sell or transfer any shares in the capital stock held in his own right so long as he shall be liable either as principal, debtor, surety or otherwise to the corporation, for any debt without the consent of a majority of the directors, nor shall such shareholder when liable to the corporation for any debt that is overdue and unpaid be entitled to receive any dividend, interest or profit on such shares, as long as such liability shall so continue overdue, but all such dividends, interest and profits

shall be retained by such corporation to discharge such liabilities."

This section should be considered in connection with sec. 10 of the Act of April 16, 1850, P. L. 477, which provides that "no stockholder indebted to the bank for a debt actually due and unpaid shall be authorized to make a transfer or receive a dividend until such debt is discharged or security to the satisfaction of the directors given for the same."

It was held in Klopp v. Lebanon Bank et al., 46 Pa. 88, that the Act of April 16, 1850, P. L. 477, was intended mainly for the security of the bank. "The right of a bank to prevent such transfer or payment became absolute as soon as any such debt became due and payable and the legal title to the stock remains in the bank for its own security until payment."

It is conceded that the defendant bank may refuse a transfer and as security retain title to the stock, unless the provisions of sec. 21 have been repealed by the Act of June 24, 1895, P. L. 258.

The act of 1895 is as follows:

"Section 1. Be it enacted, etc., That any stockholder of any company incorporated under the laws of this Commonwealth shall be entitled to receive a certificate of the number of shares standing to his, her or their credit on the books of the corporation, which certificate shall be signed by the president or vice president or other officer designated by the board of directors, countersigned by the treasurer and sealed with the common seal of the corporation, which certificate or evidence of stock ownership shall be transferable on such books at the pleasure of the holder, in person or by attorney, duly authorized as the by-laws may prescribe, subject, however, to all payments due or to become due thereon; and the assignee or party to whom the same shall have been so transferred shall be a member of said corporation and have and enjoy all the immunities, privileges and franchises and be subject to all of the liabilities, conditions and penalties incident

thereto, in the same manner as the original subscriber or holder would have been. And upon a sale of such stock in satisfaction of any debt for which it is pledged the purchaser shall have the right to compel a transfer of such stock upon the corporation books and the delivery of a proper certificate therefor.

"Section 2. That all laws or parts of laws inconsistent herewith be and the same are hereby repealed."

In Sproul v. Standard Plate Glass Co., 201 Pa. 103, the defendant was a manufacturing corporation and claimed a lien upon stock to which Sproul was entitled, for a debt contracted prior to the passage of the act of 1895. It was held that the act had no retroactive effect so as to change the rights of the parties prior to the passage of the act, but Mr. Justice MITCHELL, in construing the act, said:

" The Act of June 24, 1895, P. L. 258, provided for the transfer of certificates of stock at the pleasure of the holder as the by-laws may prescribe, 'subject to all payments due or to become due thereon,' and then contained the provision in regard to purchasers of sales, in satisfaction of debt. . . . The only repealing clause is the general one of all laws inconsistent herewith, but as the act of 1895 is upon the same subject and in a large part in the same words as sec. 7 of the Act of April 29, 1874, P. L. 73, but gives an absolute right of transfer inconsistent with the necessity of consent by the board of directors, this requirement of the act of 1874 is necessarily repealed."

In the present case the question differs from the question in Sproul v. Plate Glass Company in that the stock is that of a bank of discount and deposit organized under the act of 1876 and not under the general corporation act of 1874.

Prior to the act of 1895, corporations, including banks of discount and deposit, were vested with lien upon their stock for an indebtedness owing by a stockholder to the corporation. The act of 1895 favors the sale and transfer of stock and avoids anything tending to hamper such transactions. The act regulates the issue and transfer of

stock by companies incorporated under the laws of the commonwealth. Company and corporation are commonly used as interchangeable terms. Manifestly "companies" used in connection with the words "incorporated under the laws of this Commonwealth" related to corporations and included banks of discount and deposit.

It has not been the policy of the law to encourage loans by banks of discount and deposit to its stockholders. It is specifically provided that a bank shall not take as security for any loan or discount a lien on any part of its capital stock, but the same security, both in kind and amount, shall be required of persons shareholders and non-shareholders.

Clearly the purpose of the act of 1895 was to facilitate the transfer of stock, not only to a purchaser in ordinary course, but to a pledgee and to a purchaser at a sale had upon a pledge given in security for a debt. It gives "an absolute right of sale" inconsistent with the right of the bank to refuse a transfer or to retain the stock until the dividends, interest and profit shall discharge an indebtedness due by the stockholder, and the provisions of sec. 21 of the act of 1876 are necessarily repealed.

The defendant bank further contends that if the act of 1895 is construed to affect the rights of lien given banks of discount and deposit it is unconstitutional that the title gives no notice of such legislative purpose.

The title is as follows:

"An Act relating to and regulating the issue and transfer of certificates of stock by companies incorporated under the laws of the Commonwealth."

When enacting clauses are within the title, it follows that a clause respecting general acts inconsistent with the whole is germane. In Com. v. Moir, 199 Pa. 534, Mr. Justice MITCHELL said:

"It is further said that the act has more than one subject and one not expressed in the title. This is based on the last section of the schedule which is a repealing clause. It is enough to say at present that the repeal of pre-

vious acts on the same subject is always germane to the title."

A subsequent statute affecting the whole subject of a former statute and evidently intended as a substitute for it, although it contains no express words to that effect operates as a repeal. The subject of the legislation is the issuance and transfer of certificates of stock and is upon the same subject as secs. 5 and 21 of the act of 1876. Section 5 directs that the capital stock shall be divided into shares, "which shall be deemed to be personal property and transferable upon the books of the company in such manner as may be prescribed by the association." Section 21 prohibits the sale or transfer of his stock by a stockholder indebted to the company without the consent of a majority of the directors. The title gives notice of the subject of the act so as reasonably to lead to an inquiry into the body of the bill and is sufficient.

We are of opinion that the plaintiff and C. G. Kiskaddon are entitled to a transfer of the twenty-five shares of stock of the Ohio Valley Bank evidenced by certificate No. 14 of the Ohio Valley Bank on its books and to a new certificate therefor.

Now, October 5, 1910, it is ordered that judgment be entered on the case stated in favor of the plaintiff and against the defendant and that a writ of peremptory mandamus be issued in behalf of the plaintiff, requiring the defendants upon the surrender of certificate No. 14 to transfer the twenty-five shares of stock on its books to the plaintiff bank and to issue a new certificate therefor.

*Error assigned* was the judgment of the court.

*R. T. M. McCready,* for appellants.

*C. E. Theobald,* for appellee.

PER CURIAM, January 2, 1912:
The judgment is affirmed on the opinion of Judge FORD.