## NATIONAL BANK OF WHEATON, Appellant, v. MYERS, Respondent.

### (147 N. W. 991.)

**Banking—Sale of Bank Stock—Note for Price—Payment, by Surrender of Stock—Presumptions—Burden of Proof.**

> Under Laws 1909, Ch. 222, Art. 2, Sec. 32, Prohibiting loans and discounts by banks on security of its own capital stock, and purchases by them of their own stock except under circumstances therein specified, **held**, that where, in an action on a note given to a bank for purchase price of stock, defendant pleaded payment, and thereunder introduced evidence of his surrender of the stock in payment of the note, it will not be presumed that the repurchase of the stock by the bank was necessary to prevent loss upon a debt previously contracted in good faith, within the meaning of said statute, and the burden was on defendant to prove that such was the case, there being a presumption of solvency of maker of the note, in absence of evidence to contrary; and moreover, one seeking to bring himself within an exception to a rule must prove the facts bringing him within the exception.

(Opinion filed June 29, 1914.)

Appeal from Circuit Court, Codington County. Hon. CARL G. SHERWOOD, Judge.

Action by the National Bank of Wheaton, Minn., against G. W. Myers, upon a promissory note assigned to plaintiff. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed and remanded.

*Hanten & Hanten,* and *Perrett F. Gault,* for Appellant.

*Case & Case,* for Respondent.

Appellant cited:

Laws 1909, Ch. 222, Sec. 32; Ch. 27, Laws 1891, Sec. 19; Ch. 79, Laws 1903, Sec. 21; Nicollet Nat. Bank of Minneapolis v. City Bank, 35 N. W. 577.

Respondent cited:

Sec. 32, Ch. 222, Laws 1909.

GATES, J. Action on a promissory note for $500 given March 21, 1911, by defendant to the State Bank of Florence, and due November 1st, 1911. Defendant by its answer raised two defenses: first, a denial of ownership of the note in the plaintiff; second, payment. We will only consider the second defense, because it seems to us that such defense must have been the one upon which the jury found for the defendant.

It is disclosed by the record that the note in suit was a renewal of a note given by defendant to the same payee for the same amount, the consideration of which was the issuance of a certificate for shares of stock in said payee bank. Defendant testified that in September 1911, he surrendered the certificate of shares to the president of said bank and that the president said: "I will hand your note back to you in a day or two." This is the essence of the evidence upon the claim of payment. Section 32, Chap. 222, Laws 1909, provides:

"No bank shall employ its money directly or indirectly in trade or commerce * * * nor make any loans or discounts on the security of the shares of its own capital stock, nor be the purchaser nor holder of any such shares unless such security or purchase shall be necessary to prevent loss upon a debt previously contracted in good faith."

This statute means just what it says. The bank could not become the purchaser or holder of its own shares of stock except as therein provided. Nicolett Nat. Bank v. City Bank, 38 Minn. 85, 35 N. W. 577, 8 Amer. St. Rep. 543.

It is the contention of the defendant that when he made the foregoing showing of payment the presumption was that the repurchase of the shares of stock came within the exception provided in said section, i. e., that it must be presumed that such purchase was necessary to prevent loss upon a debt previously contracted in good faith; that it will not be presumed that the bank through its president committed an unlawful act. The plaintiff

contends that the burden was upon the party alleging payment to prove that the same came within the exception. We think plaintiff's contention is correct. The defendant alleged payment. The burden of proof was upon him to sustain that claim. Jones on Evidence, §179. There is another presumption of law which we think applies to this case, viz: the presumption of solvency of the maker of the note. He had given his unsecured note for the shares of stock. No hint of his insolvency at that time nor at the time of the surrender of the stock is indicated in the record. This presumption together with the well established rule of evidence that one who seeks to bring himself within the benefits of the exception to a rule should prove the facts entitling him thereto must prevail. The burden was upon the defendant to show that such repurchase was necessary to prevent loss upon a debt previously contracted in good faith. This was not done. The defense of payment therefore was not proven.

The judgment and order appealed from are reversed, and the cause remanded for a new trial.