# JOHN ANDERSON v. COOK COUNTY STATE BANK.[1]

January 12, 1923.

No. 23,134.

**State bank has no lien on its stock for owner's debt to the bank.**

A bank has no lien on a stockholder's stock for his indebtedness to the bank.

Action in the district court for St. Louis county to recover the amount due on a promissory note. The facts are stated in the first paragraph of the opinion. The case was tried before Magney, J., who made findings and ordered judgment as stated in the opinion. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*H. H. Phelps* and *Claus Monker*, for appellant.

*Oliver S. Andresen*, for respondent.

TAYLOR, C.

On May 24, 1920, defendant Burns purchased from one Mooney, through the officers of intervener bank, 25 shares of the capital stock of the bank of the par value of $100 each and the bank issued to him its stock certificate No. 181 for the shares so purchased. Burns borrowed from the bank the money to make the purchase and gave his promissory note therefor in the sum of $2,850, no part of which has been paid. On January 25, 1921, plaintiff began an action against Burns and garnished one Wharton who then had possession of the certificate of stock and also levied upon the stock under a writ of attachment. The bank intervened and claimed a lien on the stock for the amount due from Burns on his note. The trial court rendered judgment to the effect that the bank had a lien on the stock for the sum of $2,850 and interest thereon from the date of the note; that plaintiff had a lien on the stock for the sum of $1,591.01, the amount of the judgment rendered in his favor against Burns, and interest thereon from the date of the judgment; that the

[1]Reported in 191 N. W. 417.

lien of plaintiff was subordinate and inferior to that of the bank; that the stock be sold that the amount due the bank be paid first out of the proceeds, and that the amount due plaintiff be paid next. Plaintiff appealed.

The bank concedes that its only claim to a lien on the stock rests on section 6176, G. S. 1913, which provides, among other things, that:

"Stock shall not be transferred upon the books of the corporation while any instalment thereon remains delinquent, nor while any indebtedness of the record holder thereof to the corporation remains unpaid."

This statute was under consideration in U. S. & C. Land Co. v. Sullivan, 113 Minn. 27, 129 N. W. 1112, Ann. Cas. 1912A, 51, and was held to create a lien on the stock for debts due to the corporation from the stockholder so that the real question presented is whether this statute, found among the general provisions relating to corporations, applies to banks incorporated and operating under the state banking law. The statute regulating banks provides that a bank

"Shall make no loan or discount on the security of its own capital stock, nor be the purchaser or holder thereof, unless necessary to prevent loss upon a debt previously contracted in good faith, and all stock so acquired shall be disposed of at public or private sale within six months after it is so acquired." G. S. 1913, § 6357.

This provision, taken from the Federal banking act, was under consideration in Nicollet Nat. Bank v. City Bank, 38 Minn. 85, 35 N. W. 577, 8 Am. St. 643. The defendant in that action, a state bank, asserted and sought to enforce a lien on a stockholder's stock for his indebtedness to the bank. It was held, following the decisions of the United States Supreme Court, that any lien which the bank may have had by virtue of its by-laws or of other statutes was abolished by this statute. This decision was made in 1887 and seems to have remained unquestioned until the present time. The rule announced has become a rule of property and should be followed by the court until changed by the legislature. The restric-

tions imposed on banks by this statute were recognized and enforced in Sigel v. Security State Bank, 134 Minn. 272, 159 N. W. 567, and St. Paul & M. Trust Co. v. Jenks, 57 Minn. 248, 59 N. W. 229, but the specific question here presented was not involved in those cases. The intervener seeks to distinguish the instant case from the Nicollet Bank case on the ground that the statutes giving liens on capital stock in force when that case was decided did not apply to banks, but that section 6176 is broad enough to include banks. This contention is sufficiently answered in U. S. & C. Land Co. v. Sullivan, 113 Minn. 27, 128 N. W. 1112, Ann. Cas. 1912A, 51. Section 6176 was enacted in its present form as section 2863 of the Revised Laws of 1905, and it was held in that case that the legislature intended thereby to continue the prior enactments unchanged in substance notwithstanding the change in phraseology.

Judgment reversed.