THE FARMERS STATE BANK OF LEITH, NORTH DAKOTA, a Corporation, Plaintiff, v. GEORGE W. HERRON and G. J. Kimball, Defendants.

(216 N. W. 341.)

**Banks and banking — transfer of stock by holder indebted to bank invalid against bank — lien enforceable in equity.**

The provision in § 5160, Comp. Laws 1913, viz., "but no transfer of such stock shall be valid against a bank or any creditor thereof, so long as the registered holder of such stock shall be liable as principal debtor, surety or otherwise to the bank for any debt which shall be due and unpaid," in effect creates a statutory lien which continues to exist as long as a stockholder is so indebted to the bank and may be established and foreclosed in an action in equity.

Opinion filed November 26, 1927.

Banks and Banking, 7 C. J. § 55 p. 497 n. 25.

Certified question of law from District Court of Grant County, North Dakota.

*Divet, Shure, Holt, Frame, Murphy, & Thorp,* for plaintiff.

*I. N. Steen,* for defendants.

"Liens can be created only by agreement or some fixed rule of law." 17 R. C. L. 597-; Frost v. Atwood, 41 N. W. 96.

The lien will not be allowed if it affects the rights of third parties. 16 Eng. Rul. Cas. 131 and notes.

"Lien laws are in derogation of common law and must be strictly construed and the person invoking such remedies must clearly prove the facts necessary to constitute the lien." Daniel v. Blackwell, 119 S. E. 447.

"A bank is custodian of its own stock and must transfer same to a bona fide purchaser." Wallace v. Citizens State Bank, 205 Ill. App. 7.

"A bank has no lien on a stockholder's stock for his indebtedness to the bank." Anderson v. Cook County Bank, 191 N. W. 417.

"A change in the language or phraseology of statutes in a general revision thereof does not necessarily indicate an intention on the part of the legislature to depart or modify, in point of substance, the previous existing law." United States & C. Land Co. v. Sullivan, 128 N. W. 1112.

BURKE, J. This is an action to recover an indebtedness from the defendant, George W. Herron, a stockholder in the plaintiff bank, and to establish and foreclose a lien on the defendant's stock claimed to exist under § 5160, Comp. Laws 1913.

The defendant, Kimball, a transferee of the stock, subsequent to the indebtedness of the defendant, Herron, was made a party, and it is conceded that Kimball was a purchaser for value in good faith, and without notice of the indebtedness of Herron to the bank.

The trial court made findings of fact and conclusion of law favorable to the plaintiff, and upon application of the parties under the provisions of § 7849b1 to § 7849b3 inclusive, of the supplement to the Compiled Laws of 1913, duly certified to this court the following question, to wit: "Under the provisions of chapter 28 of the Civil Code and especially under the provisions of § 5160 of the Compiled

Laws of 1913, does a state banking association have a lien upon its shares of stock for the indebtedness due from its stockholders to it?"

The application and certificate are regular and adequate in form and substance under the statute, and it appears therefrom, and from the entire record certified to his court, that the issue in said case depends wholly on the construction of the law applicable thereto, that such construction or interpretation is of great moment in the cause, and for the whole benefit of the parties to the action. The question certified involves the construction of §§ 5160 and 5169 of the Compiled Laws of 1913.

Section 5160, Comp. Laws 1913, under which the plaintiff bank claims a lien against the defendant stock, provides, "No transfer of such stock shall be valid against a bank or any creditor thereof, so long as the registered holder of such stock shall be liable as principal debtor, surety or otherwise to the bank for any debt which shall be due and unpaid; nor in any case shall any dividend, interest or profit be paid on such stock so long as such liability continues, but such dividend, interest or profit shall be retained by such bank and applied to the discharge of such liabilities."

Section 5169, Comp. Laws 1913, provides, that, "No association shall make any loan or discount on the security of the shares of its own stock, nor be the purchaser or holder of any such shares, unless such security or purchase shall be necessary to prevent loss upon a debt previously contracted in good faith, and stock so purchased or acquired shall within six months be sold or disposed of at public or private sale. If such stock is not sold within the period last herein provided, the same shall be cancelled and deducted from the capital stock of said association."

Counsel for the defendants in his very able brief contends, that since the repeal of the bankers general lien law, that banks under § 5160, Comp. Laws 1913, have only a possessory lien on dividends, interest or profits due on stock, so long as the stockholder is indebted to the bank, and that under § 5169, a bank is prohibited from obtaining a lien by contract on any stockholder's stock. It is true, that under § 5160 the banker has a possessory lien on the dividends payable on stock when the stockholder is indebted to the bank. In fact, it has more than a lien, it has the right to appropriate and apply such

dividends to the discharge of such liabilities, and it is also true, under § 5169, that the bank cannot purchase or loan money on its own stock, unless, such security or purchase is necessary to prevent a loss on a debt previously contracted in good faith. It is true, that § 5160, Comp. Laws 1913, does not say in so many words, that the bank has a lien on the stock for the indebtedness of a stockholder, but if from the language used, it was clearly the intent of the legislature that the stock was to be held in law as security for the indebtedness of the stockholder it is sufficient.

The state banking law was passed in 1890, and it does not contain the provision, that no transfer of such stock shall be valid against the bank or any creditor thereof, so long as the registered holder of such stock shall be liable as principal debtor, surety or otherwise to the bank for any debt which shall be due and unpaid; nor does it contain the provision that the bank shall retain the dividends, and apply them on the debt, but it does contain the provisions against loans or discounts on the security of the stock as provided in § 5169, Comp. Laws 1913.

In 1893 the legislature redrafted and passed a new banking law, being chapter 27, Session Laws 1893. Section 10 of the act relates to the transfer of stock and remains intact as it was passed in 1890. Section 19 of the act relating to loans or securities on shares is also unchanged. In 1905 the legislature redrafted and again passed the banking act. Chapter 165, page 283, Session Laws of 1905. Section 12 relating to loans, discounts or securities on shares of stock remains unchanged, but § 11 of the act relating to transfer of stock was amended, and includes all the provisions, and reads exactly the same as § 5160, Comp. Laws 1913. It is clear from this act of the legislature, that it was the intention to make the stock responsible for the indebtedness of a stockholder. Congressional action seems to have been just the reverse of the state legislature, for while there was no such provision in the first, and second acts of the state legislature there was such a provision in the National Bank Act of 1863. Section 36 of the National Bank Act of 1863, 12 U. S. Stat. at L. page 675, chap. 58, provides ". . . but no shareholder in any association under this act shall have power to sell or transfer any share held in his own right so long as he shall be liable, either as principal debtor, surety or other-

wise, to the association for any debt which shall have become due and remain unpaid, nor in any case shall such shareholder be entitled to receive any dividend, interest, or profit on such shares so long as such liability shall continue, but all such dividends, interest and profits shall be retained by the association, and applied to the discharge of such liabilities. . . ."

Section 37 of the National Banking Act of 1863. 12 Stat. at L. page 676, chap. 58, is practically the same as § 5169 of the Compiled Laws of 1913.

Section 36 of the National Bank Act was repealed in 1864.

The case of Third Nat. Bank v. Buffalo German Ins. Co. 193 U. 591, 48 L. ed. 804, 24 Sup. Ct. Rep. 524, is a case where the question of the validity and effect of the provision of the charter and by-laws of the bank forbidding a transfer of stock where the stockholder was indebted to the bank and the insertion of a condition to the same effect in the certificates of stock which were held by the stockholder, and which he delivered to an insurance company as collateral when he borrowed money from that company. The court quoted §§ 36 and 37 of the act of 1863 and states: "The act of 1863 was especially repealed by § 62 of the act of 1864" (13 Stat. at L. 99, chap. 106, § 62) and in the re-enactment of the law, § 36 was amended so as to exclude all that portion relating to the invalidity of a transfer of stock while the stockholder was indebted to the bank, and the right to appropriate dividends and profits to be applied on an indebtedness, while § 37 was re-expressed in a substantially identical, though somewhat more amplified, form of statement in § 35 of the new act. The court continuing said, "When this history of the legislation is considered it becomes apparent that the clause inserted in the article of association, in the by-laws and certificates of stock of the bank here being considered was directly repugnant to the act of 1864, and amounted simply to an attempt on the part of the bank to exercise the power which was granted under the act of 1863, but which was denied by the act of 1864. And this result was long since pointed out by the decisions of this court. First Nat. Bank v. Lanier, 11 Wall. 369, 20 L. ed. 172; Bullard v. National Eagle Bank, 18 Wall. 589, 21 L. ed. 923."

After 1864 there was no provision in the National Bank Act forbidding a transfer of stock where the stockholder was indebted to the

bank, and the bank in the case of Third Nat. Bank v. Buffalo German Ins. Co. supra, attempted to forbid such a transfer by inserting in charter and by-laws, such a provision. The court said, "If those provisions were valid it is obvious that the insurance company took the stock subsequent to the paramount right which the bank possessed," but such provision in the charter and in the by-laws were repugnant to the act of 1864, and the bank was trying to exercise a power which was granted under the act of 1863 but which was denied by. the act of 1864. It is clear from this reasoning that under the law of 1863 the rights of the bank would have been paramount to the rights of the insurance company the assignee, because granted by express law.

Section 36 of the laws of 1863 is practically the same as § 5160, Comp. Laws 1913, the only difference being, that the Federal Statute says, "that no share holder shall have power to sell any share;" while § 5160, Comp. Laws 1913 provides, "but no transfer of such stock shall be valid against a bank or any creditor thereof." In the one case the stockholder has no power to sell while indebted, in the other, no transfer of such stock shall be valid against the bank or any creditor thereof. In effect they are the same, for if the transfer is not valid against the bank or its creditors it is of no effect so far as the bank or creditors are concerned, and it follows that no stockholder has power to transfer his stock as against the bank or its creditors so long as he is indebted to the bank. The language that no transfer shall be valid against the bank or creditor of the bank means, of course, that the transfer is not valid against the claims of the bank or against the claims of creditors of the bank so long as the stockholder is indebted to the bank that is the claims of the bank or the claims of creditors of the bank against the stockholder are superior and prior to any sale, pledge, or assignment made by the stockholder. Of what use would this paramount right be to the bank unless it could realize on it? It must be that the legislature intended that the stock should stand as security for the indebtedness, and if security it must be in the nature of a lien which a bank has the right to foreclose.

Many of the states with similar provisions hold, that a statute suspending the right of transfer while an indebtedness exists, in effect creates a lien. Union Bank v. Laird, 2 Wheat. 390, 4 L. ed. 269; Cecil Nat. Bank v. Watsontown, 105 U. S. 217, 26 L. ed. 1039;

Sproul v. Standard Plate Glass Co. 201 Pa. 103, 50 Atl. 1003; Bank of Millvale v. Ohio Valley Bank, 234 Pa. 1, 82 Atl. 1115; Kenton Ins. Co. v. Bowman, 84 Ky. 430, 1 S. W. 717; White River Sav. Bank v. Capital Sav. Bank, 77 Vt. 123, 107 Am. St. Rep. 754, 59 Atl. 197; National Bank v. Rochester Tumbler Co. 172 Pa. 614, 33 Atl. 748; Farmers' & T. Bank v. Haney, 87 Iowa, 101, 54 N. W. 61; Farmers' & M. Bank v. Cherokee Trust Co. 32 Okla. 700, 123 Pac. 153; Ardmore State Bank v. Mason, 30 Okla. 568, 39 L.R.A.(N.S.) 292, 120 Pac. 1080; United States & C. Land Co. v. Sullivan, 113 Minn. 27, 128 N. W. 1128, Ann. Cas. 1912A, 51.

The defendant relies on the case of Nicollet Nat. Bank v. City Bank, 38 Minn. 85, 8 Am. St. Rep. 643, 35 N. W. 577, and Anderson v. Cook County State Bank, 154 Minn. 231, 191 N. W. 417, but these cases are not in point, for the reason, that the banking statute of Minnesota does not contain any such provision as § 5160, Comp. Laws 1913, and the Minnesota court holds that a similar provision in the general corporation law does not apply to banks.

It is our conclusion that there is no conflict between § 5160 and § 5169, Comp. Laws 1913 and that § 5160, Comp. Laws 1913 in effect creates a statutory lien which continues to exist as long as a stockholder is indebted to a bank or any creditor thereof, and may be established and foreclosed in an action in equity.

BIRDZELL, Ch. J., and BURR, CHRISTIANSON, and NUESSLE, JJ., concur.