## FARMERS' & MERCHANTS' BANK OF KIEL v. CHEROKEE TRUST CO. *et al.*

No. 1787.   Opinion Filed April 9, 1912.

(123 Pac. 153.)

1. **BANKS AND BANKING—Banking Corporation—Lien on Stock.** While, under our statute (Wilson's Rev. & Ann. St. 1903, sec. 291; Comp. Laws 1909, sec. 315), a transfer of bank stock is invalid against the bank, or any creditor thereof, so long as the registered holder is indebted to the bank, yet, if the bank recognizes the transfer and issues to a purchaser of the stock new certificates, in lieu of the old ones, which are surrendered to the bank, and such purchaser resells the stock to another, who buys in good faith, as against these transferees, the bank has waived its lien, and can be compelled to register the second transfer and issue new certificates to the purchaser.

2. **CORPORATIONS—Liabilities—Debts of Stockholders.** The general rule that the property of a corporation is not liable for the debts of its stockholders, in the absence of special circumstances, applies, even though the stockholder may own a controlling interest in the corporation, and may be a dominant factor in its management.

(Syllabus by Ames, C.)

*Error from District Court, Garfield County;*
*M. C. Garber, Judge.*

Action by F. N. Winslow and others against the Cherokee Trust Company and others, and the defendant Farmers' & Merchants' Bank of Kiel files an answer and cross-petition. From the judgment, the Farmers' & Merchants' Bank of Kiel brings error. Affirmed.

This action was commenced in the district court of Garfield county by filing a petition, wherein F. N. Winslow was plaintiff, and W. T. Camp, J. A. Hill, the Cherokee Trust Company, Ivan G. Conkling, trustee, and the Farmers' & Merchants' Bank of Kiel were defendants, seeking to recover judgment against Camp on a note, and to foreclose a lien on certain stock of the Farmers' & Merchants' Bank of Kiel. The note was executed to the Bank of Aline, which was afterwards substituted as party plaintiff. Thomas G. Hinton was subsequently made a party defendant. The Farmers' & Merchants' Bank of Kiel filed an answer and cross-petition, alleging that it held a note executed by Camp; that it also held the certificate of stock; that the note was evidence of an indebtedness by the defendant Hill, created while Hill was a stockholder in the answering bank; and that the answering bank had a lien on the stock to secure Hill's indebtedness, and seeking to foreclose this lien. Various other allegations are contained in this pleading which it is not necessary to here mention. Conkling and the Cherokee Trust Company filed a lengthy answer, in which, amongst other things, they pleaded that they had purchased this Hill stock from one Leonard Imboden, having the same transferred to Ivan G. Conkling, as trustee of the Cherokee Trust Company, and that the Farmers' & Merchants' Bank of Kiel had transferred the same to Conkling upon its books, and issued to him new certificates therefor, and that Conkling had sold these new certificates, for valuable consideration, to one Thomas G. Hinton, and prayed that Hinton be made a party. Hinton subsequently appeared and answered, alleging that he had purchased the stock from Conkling, as trustee, for valuable consideration, and had sent it to the Farmers' & Merchants' Bank of Kiel to be transferred to him, but that the bank had refused to make the transfer. In a cross-petition against the bank, he prayed for a decree requiring it to transfer the stock. Numerous other allegations are made in the pleadings; but under the issues presented for determination on this appeal it is unnecessary to state them. Judgment was rendered for Hinton, directing the transfer as prayed, and the Farmers'

& Merchants' Bank of Kiel, one of the defendants below, and the plaintiff in error here, brings error.    Affirmed.

*D. K. Cunningham,* for plaintiff in error.

*Parker & Simons,* for defendants in error Cherokee Trust Co., Conkling, and Hinton.

Opinion by AMES, C. (after stating the facts as above). The only issue presented on this appeal arises out of the conflicting claims of the Farmers' & Merchants' Bank of Kiel and Thomas G. Hinton to the twenty shares of stock of the Farmers' & Merchants' Bank standing in the name of Ivan G. Conkling, as trustee.    For the purpose of deciding this issue, the facts may be very briefly stated, and, as the Bank of Aline is not represented on the appeal, it is unnecessary to review the 750 pages of record, in so far as it affects its claims.

. One W. T. Camp owed the Farmers' & Merchants' Bank $1,000.    One Hill was a stockholder in that bank, and its president.    The bank claims that the Camp note evidenced a debt of Hill's and, for the purpose of this decision, that may be taken as true.    Hill transferred his stock in the bank to Ivan G. Conkling, as trustee, and the evidence establishes that Conkling acquired this stock, as trustee for the Cherokee Trust Company, in which Hill was also a stockholder and prominent factor.    The Farmers' & Merchants' Bank recognized this transfer, and issued the stock in Conkling's name, as trustee.    Thereafter Conkling sold the stock to Hinton for a valuable consideration, and Hinton sent it to the bank, with the request that it be transferred to his name.    This the bank refused to do, on account of its claim that the Camp note was Hill's; that Conkling was trustee for Hill; and it therefore had a lien on the stock, under our statute, which was superior to the rights of Hinton as its purchaser.

It may be conceded that if it was Hill's stock, even though standing in Conkling's name, the bank, under the statute then in force, would have had a lien.    The statute provided (Wilson's Rev. & Ann. St. 1903, sec. 291) : ·

"The shares of stock of an incorporated bank shall be deemed personal property, and shall be transferred on the books of the bank in such manner as the by-laws thereof may direct, but no transfer of stock shall be valid against a bank or any creditor thereof so long as the registered holder thereof shall be liable as principal debtor, surety, or otherwise to the bank for any debt which shall be due and unpaid, nor in such cases shall any dividend, interest or profits be paid on said stock so long as such liabilities continue, but all such dividends, interests or profits shall be retained by the bank and applied to the discharge of such liabilities; and no stock shall be transferred on the books of any banks where the registered holder thereof is in debt to the bank for any matured and unpaid obligations."

But the defect in the position of the bank is that this stock had been transferred to Conkling, as trustee; and it is now too late for the bank to go behind the Conkling transfer to assert a lien that it might have had against the stock, had it remained Hill's property. As previously stated, the evidence shows that Conkling had acquired the stock, for valuable consideration, as trustee for the Cherokee Trust Company, and, as the bank had recognized this transfer and reissued the stock, it waived the lien which it might have asserted prior thereto.

This subject was considered by the Supreme Court of the. United States in *National Bank v. Watsontown Bank,* 105 U. S. 217, 26 L. Ed. 1039, in which the first paragraph of the syllabus is as follows:

"The statute of Pennsylvania (*infra,* p. 220), declaring that the stock of a bank shall be transferable only on the books in such manner as the by-laws shall ordain, and that no stockholder shall be authorized to transfer his stock until his debt is discharged or secured to the satisfaction of the directors, does not prohibit the bank from waiving its right, nor the cashier from acting for them, by an authority, either express or implied."

Mr. Justice Mathews, in delivering the opinion of the court, at page 222 of 105 U. S. (26 L. Ed. 1039), says:

"A complete transfer of the title to the stock upon the books of the bank, it is not doubted, would have the effect to vest it in the transferee, free from any claim or lien of the bank. The consent of the bank, made necessary to such transfer, is the waiver of its right, as its refusal would be the assertion of it.

The transfer, when thus consummated, destroys the relation of membership between the corporation and the old stockholder, with all its incidents, and creates an original relation with the new member, free from all antecedent obligations."

In that case, Jacob Tome acquired the stock of the Watsontown Bank from Powell & Co., and had sent it to the cashier for transfer. The certificates were never transferred on the books of the bank; but entries were made on the stock ledger, showing the transaction, and the court held that these entries were sufficient. It will thus be seen that the facts there are not so strong as they are here, as in this case the bank had completed the transfer by canceling the old certificates and issuing new ones in the name of Conkling, as trustee.

Conkling, as trustee, having thus acquired the stock, and being in possession of the certificates, and in position to sell, did sell to Hinton for a valuable consideration; and we do not think the bank can now go behind that transfer and assert a lien that it might have had, had it asserted this claim before the sale to Conkling was completed. ·

In *Ardmore State Bank v. Mason,* 30 Okla. 568, 120 Pac. 1080, we held that a bank cannot assert its lien upon the stock of one of its stockholders, when it permits the indebtedness to be contracted by him with knowledge of a lien held by a third person; and that principle is applicable here. The bank, therefore, having reissued the Hill stock without asserting its right, must be held to have waived it; and, Conkling having sold to Hinton for a valuable consideration, we think the judgment of the court in requiring the bank to issue certificates to Hinton was correct.

It is argued, however, that it was Hinton's duty to inquire of the bank for whom Conkling was acting as trustee, and that if he saw fit to take Conkling's word for it he did so at his peril, and therefore did not acquire any greater rights than he would have acquired, had he known that the bank claimed a lien on the stock. As we have previously stated, however, the evidence showed that Conkling was not trustee for Hill, but for the Chero-

kee Trust Company; and if we conceded the contention of the bank, and that Hinton did take this stock at his peril, that does not lead us to a different conclusion, when we remember that Hill was not the owner of the stock, but that it was owned by the Cherokee Trust Company.

But counsel argue that Hill was the dominant spirit and largest stockholder of the Cherokee Trust Company, and that therefore, even conceding that the stock belonged to the Trust Company, because of Hill's relation with the Trust Company the stock should still be charged with liability for Hill's debts. No authorities are cited to support this argument; and it is certainly in conflict with the elementary principle that a corporation is a separate and distinct legal entity. There may be, and doubtless are, cases when a corporation is bound by the acts of one owning all of its capital stock; but that situation is not presented here. This stock, therefore, being the property of the Cherokee Trust Company, could not be subjected to the payment of Hill's debts, in the absence of some special facts or circumstances, other than the mere fact that Hill was a large stockholder in the corporation. 1 Clark and Marshall on Corporations, p. 13. Compare *Stone v. C., C. & St. L. R. Co.,* 202 N. Y. 352, 95 N. E. 816, 35 L. R. A. (N. S.) 770, note.

We think the judgment of the trial court should be affirmed. By the Court: It is so ordered.