Moss TRAVIS, Plaintiff,

v.

DEL STATE BANK, an Oklahoma Bank-
ing Corporation, et al.,
Defendants.

No. 49818.

Supreme Court of Oklahoma.

July 6, 1976.

Eagleton, Nicholson, Pate & Gill by Col-
lier H. Pate, Oklahoma City, for plaintiff.

Garrett, Pool, Amis & Coldiron, and
Robert W. Amis, Oklahoma City, for de-
fendants.

DAVISON, Justice:

In this case, being case No. CIV–75–
0613–D, pending in the United States Dis-
trict Court, Western District of Oklahoma,
that court has certified to this court the
following question, pursuant to the Uni-
form Certification of Questions of Law
Act, 20 O.S. § 1601 et seq: Does 6 Okla-
homa Statutes 706(A) create a lien on
stock in favor of an issuing bank which is
superior to the lien of a pledgee of that
stock where there is no notation of the
bank's asserted lien on the stock in ques-
tion?

The facts of the case are covered by
stipulation of the parties.

On or about September 16, 1968, David
Sprague began to acquire stock in the
Del State Bank, an Oklahoma banking
corporation, and by March 18, 1970, had
acquired the 810 shares of stock involved
in this action. Sprague was a borrower
from said bank, beginning with $7,500.00
on November 13, 1967. His debt line was
increased to approximately $40,000.00 by
September, 1968. Sprague has been con-
tinuously indebted to said bank since that
date and his present balance is $48,479.00
plus interest. These were signature loans,
although one dated April 15, 1974, was se-
cured. The bank stock in question was
not pledged as security for any of these
loans.

On July 26, 1971, for value received,
Sprague and his wife, Wilma Jean made a
note to plaintiff which was secured by a
pledge of the 810 shares of stock. The
certificates have been continually in the
physical possession of the plaintiff from

that date. Sprague and his wife defaulted on this note and there is now $100,000.00 due plus interest and attorney fees. The plaintiff requested the bank to transfer the stock to him, but the bank refused to do so and asserted a prior lien under the terms of 6 O.S.1971 § 706(A). The right of the plaintiff to maintain this action is not questioned.

The bank did not know the plaintiff was asserting a claim until June 27, 1974, which was subsequent to any advances made to Sprague by the bank. Sprague was a director of the bank from September 11, 1968, through June 15, 1970, but was not a director after that date. David Sprague was adjudicated a bankrupt on July 25, 1975, and Wilma Jean Sprague was adjudicated a bankrupt on August 1, 1975, and there is no security available to the bank to apply to this debt.

The parties further stipulated that the 810 share certificates contained no legend, notation, restriction, nor any other indicia of an encumbrance on their transfer on the face of the stock.

The only question presented to us is whether the section 706(A) of the Oklahoma Banking Code of 1965, which grants a lien, is subject to the requirement of section 8–103 of the Uniform Commercial Code of Oklahoma, which requires that the right to such lien must be conspicuously noted on the security for the same to be valid against a purchaser.

The Banking Code provision is found in 6 O.S.1971 § 706 as follows:

"A. Transfer of shares. The shares of stock of a bank or trust company shall be deemed personal property and shall be transferred on the books of the bank or trust company, in such manner as the bylaws may prescribe but no stock shall be transferred on the books of any bank or trust company where the registered holder thereof is indebted to said bank or trust company for any matured and unpaid obligations. The shares of stock of a stockholder indebted to said bank or trust company, as provided herein, may be transferred or any claims of the bank or trust company, as herein defined, may be waived at any time by written consent of the bank or trust company, executed by an officer other than the borrowing stockholder.

B. Lending on stock prohibited. It shall be unlawful for any bank or trust company to loan its funds to any stockholder, on its stock as collateral security; provided, that any bank or trust company may hold its stock to secure the indebtedness previously in good faith contracted. Laws 1965, c. 161, § 706."

This section comes from prior laws which predate by many years Oklahoma's adoption of the Uniform Commercial Code. This identical statute was adopted by the Legislature in 1937 and codified in 1965.

Title 12A O.S.1971 § 8–103, being a part of the Oklahoma Uniform Commercial Code, adopted in 1961, is as follows:

"A lien upon a security in favor of an issuer thereof is valid against a purchaser only if the right of the issuer to such lien is noted conspicuously on the security."

While 6 O.S.1971 § 706 does not expressly state a lien is created by the wording that gives the bank a right to refuse to transfer the stock where the registered holder is indebted to the bank, this court has recognized such liens. See *Martin v. Fielder*, 161 Okl. 25, 16 P.2d 1076 (1932); *Ardmore State Bank v. Mason*, 30 Okl. 568, 120 P. 1080 (1911); *Bryan County State Bank v. American Nat. Bank of Ft. Worth, Tex.*, 56 Okl. 529, 156 P. 352 (1916), and *Farmers' and Merchants' Bank of Kiel v. Cherokee Trust Co.*, 32 Okl. 700, 123 P. 153 (1912). Also see 10 Am.Jur.2d Banks § 63. Because of this statute, the defendant bank asserts that the plaintiff was on constructive notice. Absent a specific provision for notation, as set out in the Uniform Commercial Code, we feel this would be correct. See *In re Park's Estate*, 147 Kan. 142, 75 P.2d 842 (1938).

The real issue presented here is simply whether the asserted lien is invalid as against the plaintiff because of failure of the banks to conspiciously note its claim on the security as required by 12A O.S. 1971 § 8–103. This raises two questions; first, are the certificates of stock here a type of security covered by this section of the Uniform Commercial Code and second, is this section inconsistent with 6 O.S. § 706 of the Banking Code.

We are of the opinion that the certificates of bank stock here are security as defined in 12A O.S.1971 § 8–102, and nothing in the briefs indicate otherwise. This section is as follows:

"(1) In this Article unless the context otherwise requires

(a) A 'security' is an instrument which

(i) is issued in bearer or registered form; and

(ii) is of a type commonly dealt in upon securities exchanges or markets or commonly recognized in any area in which it is issued or dealt in as a medium for investment; and

(iii) is either one of a class or series or by its terms is divisible into a class or series of instruments; and

(iv) evidences a share, participation or other interest in property or in an enterprise or evidences an obligation of the issuer.

(b) A writing which is a security is governed by this Article and not by Uniform Commercial Code—Commercial Paper even though it also meets the requirements of that Article. This Article does not apply to money.

(c) A security is in 'registered form' when it specifies a person entitled to the security or to the rights it evidences and when its transfer may be registered upon books maintained for that purpose by or on behalf of an issuer or the security so states.

(d) A security is in 'bearer form' when it runs to bearer according to its terms and not by reason of any indorsement. . . . "

The Uniform Commercial Code incorporated provisions of the Uniform Stock Transfer Act and it is noted that the Official Code Comment on Article 8 of the Uniform Commercial Code states: " * * * It also covers certificates of stock, formerly provided for by the Uniform Stock Transfer Act." See UCC § 8–101.

Section 15 in the Uniform Stock Transfer Act was as follows:

"There shall be no lien in favor of a corporation upon the shares represented by a certificate issued by such corporation and there shall be no restriction upon the transfer of shares so represented by virtue of any by-laws of such corporation, or otherwise, unless the right of the corporation to such lien or the restriction is stated upon the certificate."

This Uniform Stock Transfer Act section was incorporated in the Business Corporation Act in 1947 as 18 O.S. § 1–103. This section was repealed on adoption of the Uniform Commercial Code, 12A O.S. § 10–102. The obvious intent as indicated by the Code Comment was to simply put the notation requirement in the Uniform Commercial Code.

The similarity of this section and 12A O.S. § 8–103 is apparent. Obviously, the intention of these proposed uniform laws was to require a notation on the certificate if a lien by the corporation is to be valid against a purchaser. A pledgee after default would stand in the same position as a purchaser. See *Eubank v. Bryan County State Bank*, 216 F. 833 (C.A.8 1914).

We note the stipulation showed Sprague was a director of the bank from September 11, 1968, to June 15, 1970, but not thereafter, but shows nothing further as to his relationship to the bank. The briefs raise no question regarding this and in arriving at an answer to the certified question, we have treated Sprague only in his position as a stockholder. Furthermore, our comments on the lien under state law does not

consider the situation where a state chartered bank is a member of the Federal Reserve System. See *Union Bank & Trust v. Pay,* 86 S.D. 127, 192 N.W.2d 130 (1971).

If a certificate of stock of a corporation is covered by 12A O.S.1971 § 8–103, as we have concluded, no reason has been suggested why it would not apply to a certificate of stock of an Oklahoma banking corporation. The Oklahoma Banking Code of 1965 provides at 6 O.S.1971 § 715 as follows:

> "The provisions of the Business Corporation Act of 1947 of the State of Oklahoma, as amended and as the same may be hereinafter amended, shall, insofar as the same are not inconsistent herewith, govern corporations operating under the provisions of this Code."

That Business Corporation Act provides in part in 18 O.S.1971 § 1.113 as follows:

> "Every certificate of shares of a domestic corporation shall state:
>
> \*   \*   \*   \*   \*   \*
>
> (7) If the shares be subject to liens or to restrictions upon transfer or upon the voting power, the fact shall be indicated; . . ."

Second, is there a conflict between the lien given by the Banking Code and the requirement that for the lien to be valid, as against the purchaser it must be noted conspicuously on the certificate? Here the lien rights are based on statutes in effect long before the Uniform Commercial Code was adopted in 1961. The defendant bank urges that the silence of the Banking Code of 1965 with respect to the notation is significant. There was no need for the Banking Code of 1965 to deal with notations unless they wished to eliminate that requirement on the part of the issuer. We hold that there is no inconsistence between a statute that creates a lien and another statute that requires that it be noted in a certain way before it shall be valid as to a purchaser.

We are of the opinion that the lien of the bank was not valid as to the plaintiff because of the failure to note the same on the stock certificates.

Therefore, we answer the certified question in the negative.

WILLIAMS, C. J., HODGES, V. C. J., and IRWIN, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.