**Moss TRAVIS, Plaintiff,**

v.

**DEL STATE BANK, an Oklahoma Banking Corporation, et al., Defendants.**

**No. CIV-75-0613-D.**

United States District Court,
W. D. Oklahoma.

July 20, 1976.

John M. Cogswell, Denver, Colo., Collier H. Pate, Oklahoma City, Okl., for plaintiff.

Robert W. Amis, Oklahoma City, Okl., Willis V. Carpenter, Denver, Colo., for defendant Del State Bank.

Robert H. Anderson, Oklahoma City, Okl., for defendants Sprague.

## MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

In this diversity case Moss Travis sues Del State Bank, David Sprague and Wilma Sprague for a judgment declaring his rights in 810 shares of Del State Bank stock to be superior to any rights of any of the Defendants therein. The case turned on an undecided question of Oklahoma law. The Court therefore certified the controlling question of law to the Supreme Court of the State of Oklahoma pursuant to the Uniform Certification of Questions of Law Act, 20 Oklahoma Statutes § 1601 et seq. The Supreme Court of the State of Oklahoma has determined the controlling question of law and the case is ready for decision by this Court.

The Stipulation of Facts shows that on or about September 16, 1968 David Sprague began to acquire stock in Del State Bank, an Oklahoma banking corporation. By March 18, 1970 David Sprague had acquired the 810 shares of bank stock which are involved in this action. Sprague was also a borrower from Del State Bank. Sprague borrowed $7,500 on November 13, 1967 and his debt line was increased to approximately $40,000 by September, 1968. Sprague has been continuously indebted to Del State

Bank since that date and his present balance is $48,479.00 plus interest. All but one of the Bank's loans to Sprague were signature loans. The bank stock was not pledged as security on any of the loans.

On July 26, 1971, for value received, Sprague and his wife, Wilma Jean Sprague, made a note to Plaintiff which was secured by a pledge of the 810 shares of stock which are the subject of this suit. The shares have been continually in the physical possession of Plaintiff since that date. Sprague and his wife defaulted on this note and there is now $100,000 due thereon plus interest and attorney fees. The Plaintiff requested that the Bank transfer the stock to him but the Bank refused to do so asserting a prior lien under 6 Oklahoma Statutes § 706(A).

The Bank did not know that the Plaintiff was asserting a claim until June 27, 1974, which was subsequent to any advances made to Sprague. The 810 shares certificates contained no legend, notation, restriction or other indicia of an encumbrance on their transfer.

David Sprague was adjudicated a bankrupt on July 24, 1975 and Wilma Sprague was adjudicated a bankrupt on August 1, 1975. The trustee in bankruptcy of David Sprague and Wilma Sprague has filed herein a disclaimer disclaiming any interest which he may have in the subject shares of bank stock.

Del State Bank asserted a prior lien on the subject shares by virtue of 6 Oklahoma Statutes § 706(A). Moss Travis contended that the bank did not have a lien on the subject shares because there was no notation of the lien on the shares as is required by 12A Oklahoma Statutes § 8–103. The Supreme Court of the State of Oklahoma has determined that 6 Oklahoma Statutes § 706(A) creates a lien in favor of the issuer of bank stock but the same is invalid against the Plaintiff because of failure of the Defendant Bank to conspicuously note its claim on the security as required by 12A Oklahoma Statutes 1971 § 8–103. *Travis v. Del State Bank,* 553 P.2d 486 (Okl.1976). Accordingly, the rights of Plaintiff Moss

Travis in the subject shares of stock should be declared to be superior to any rights therein of Defendants Del State Bank, David Sprague or Wilma Sprague.

Counsel for Plaintiff will prepare an appropriate Judgment based on the foregoing, present same to Counsel for Defendants for approval as to form and then present same to the Court for signature and entry.